Lakamobe, Judge,
delivered the opinion of the court:
Plaintiff is seeking recovery of amounts allegedly due on shipments of explosive bombs from Coplant, Nebraska to Avondale, Colorado, moving during 1943.
On May 7, 1958, this court granted plaintiff’s motion to suspend proceedings in this case to permit the Interstate Commerce Commission to determine the applicable tariff rates to be applied to the shipments at issue. On June 28, 1960, the Interstate Commerce Commission issued its decision which is reported in 310 I.C.C. 681, and found that, as to the shipments which moved via the Union Pacific and Santa Fe, the applicable rate should be the all-freight rate, and as to the shipments which moved via the Burlington and Santa Fe, the applicable rate should be the class rate.
The order suspending proceedings in this court was vacated on May 12, 1961, and the case returned to the trial commissioner for further proceedings. The parties met at a pre-trial conference on June 1,1961, and entered into certain stipulations and certain exhibits were received into evidence. The stipulation entered into by the parties reads as follows:
On the shipments routed via the Union Pacific Nail-road Company and the Atchison, Topeka & Santa Fe Eailway Company, the parties concur in the determination by the Interstate Commerce Commission and agree that the all-freight rates, less applicable land-grant deductions, apply. On that basis plaintiff is due the sum of $317.97 and defendant is due the sum of $1,411.28, resulting in a net amount due the defendant of $1,093.31.
On the shipments routed via the Chicago, Burlington & Quincy Eailroad Company and the Santa Fe, plaintiff contends that the charges should be computed on the basis of class rates, less applicable land-grant deductions, and defendant contends that the charges should be computed on the all-freight rates, less applicable land-grant deductions.
*330 If the court finds that on the shipments routed via Burlington and Santa Fe the class rates, less applicable land-grant deductions, apply, the plaintiff is due the sum of $62,441.14. If the court finds that on the shipments routed via Burlington and Santa Fe the. all-freight rates, less applicable land-grant deductions, apply, then plaintiff is due the sum of $285.64 and defendant is due the sum of $3,384.08, resulting in a net amount due defendant of $3,098.44.
If the court finds that on all the shipments herein the all-freight rates, less applicable land-grant deductions, apply, then defendant is due the sum of $4,191.75 ($3,098.44 plus $1,093.31). If the court finds that the class rates are applicable on the shipments originated by the Burlington, then plaintiff is due the sum of $61,347.83 ($62,441.14 less $1,093.31).
The parties agree that the land-grant percentage applicable to all shipments herein is 20.536.
As a result, plaintiff filed a motion for summary judgment and the defendant filed a cross-motion for summary judgment, each motion being based on the pleadings, stipulation, and joint exhibits introduced at the pretrial conference in connection with the stipulation.
As is disclosed by the stipulation, supra, the parties have agreed that “on the shipments routed via the Union Pacific Railroad Company and the Atchison, Topeka & Santa Fe Railway Company, the parties concur in the determination by the Interstate Commerce Commission and agree that the all-freight rates, less applicable land-grant deductions, apply. On that basis plaintiff is due the sum of $317.97, and defendant is due the sum of $1,411.28, resulting in a net amount due the defendant of $1,093.31.”
Consequently, there is no question as to the proper charges on shipments routed via the Union Pacific and the Atchison, Topeka & Santa Fe. Accordingly, we find that there is due the defendant the sum of $1,093.31 on these shipments, and defendant’s cross-motion for summary judgment, based on its counterclaim, is granted to this extent.
The parties have stipulated that “if the court finds that on the shipments routed via Burlington and Santa Fe the class rates, less applicable land-grant deductions, apply, the plaintiff is due the sum of $62,441.14.”
*331 At this point the plaintiff and defendant part company. Defendant contends that the charges should be computed on the all-freight rates, less applicable land-grant deductions. The defendant then contends that since the all-freight rate is lower than the class rate, simple arithmetic demonstrates that the lowest net rate lawfully available from origin to destination at the time of movement is the all-freight rate less the land-grant deductions, it being contended that the equalization agreement allows the Government the benefit of the lowest net rates lawfully available from origin to destination.
Plaintiff contends that the charges should be computed on the basis of the class rates, less applicable land-grant deductions.
What the defendant seems to completely ignore in its pleadings and argument is the fact that this case was referred to the Interstate Commerce Commission for a determination of the sole question as to whether the charges originally assessed and collected by plaintiff on the shipments involved are lawful or whether said charges should be assessed on the basis of the tariff as contended by defendant.
The Interstate Commerce Commission responded to this court’s referral and foimd that as to the shipments originated by the Burlington, the class rates charged were applicable. It follows that if the class rates are applicable, under the stipulation of the parties the plaintiff is due the sum of $62,441.14.
All questions raised by the defendant in the instant case were presented to the Interstate Commerce Commission. Thus, what the defendant in effect is asking is that we review the Interstate Commerce Commission’s decision and hold that the class rates do not apply.
While this court has limited authority to review, and while we are not strictly bound by the decision, the Interstate Commerce Commission, because of its expert knowledge of rate making and rate application, is the proper body clothed with primary jurisdiction to determine the applicable rates. United States v. Western Pacific Railroad Co., 352 U.S. 59; The Atchison, Topeka and Santa Fe Railway Company v. United States, ante, p. 18.
*332 The Interstate Commerce Commission decided the precise question and found that the class rates charged on the shipments originated by the Burlington were applicable. In this respect, if the class rates were applicable, we can see no reason why this should not be construed as a holding that the class rates were lawful. The Interstate Commerce Commission’s determination was in exact compliance with the request of this court, and we are not persuaded that the decision is wrong.
Plaintiff gave to the defendant the benefit of the land-grant deduction in the amount of 20.536 percent and, therefore, in the light of the Interstate Commerce Commission’s determination, plaintiff is entitled to recover from the defendant the sum of $62,441.14, less $1,093.31, the amount of overcharge by the plaintiff on the shipments originated by the Union Pacific. Therefore, plaintiff’s motion for summary judgment is granted to this extent, and defendant’s cross-motion for summary judgment is denied to this extent. Judgment will be entered for plaintiff in the net amount of $61,347.83.
It is so ordered.
Durfee, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.